IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **HARRY LEE BOGGS, JR.,** : | |
| : | |
| Plaintiff, : | |
| : | |
| VS. : | |
| : | CIVIL No: 7:13-CV-0095-HL-TQL |
| **OFFICER DANIALS, and** : | |
| **Unit Manager TONY MORRIS,** : | |
| : | **PROCEEDINGS UNDER 42 U.S.C. §1983** |
| Defendants. : | **BEFORE THE U. S. MAGISTRATE JUDGE** |

## ORDER & RECOMMENDATION

Plaintiff **HARRY LEE BOGGS, Jr.**, a prisoner currently confined at the Valdosta State Prison in Valdosta, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. He also seeks leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Based on Plaintiff's submissions, the Court finds that Plaintiff is presently unable to prepay the filing fee. The Court thus **GRANTS** Plaintiff's Motion to Proceed in *forma pauperis* (ECF No.2) and waives the initial partial filing fee required by 28 U.S.C. §1915(b)(1). The $350.00 filing fee is not entirely waived, however; Plaintiff is still obligated to pay the full fee as directed herein. For this reason, the Clerk is **DIRECTED** to send a copy of this Order & Recommendation to the warden and/or business manager of Valdosta State Prison.

The Court has now also reviewed Plaintiff's Complaint as required by 29 U.S.C. §1915A(a) and will allow Plaintiff's claims against Officer Danials to go forward. It is **RECOMMENDED**, however, that Plaintiff's claims against Tony Morris be **DISMISSED** without prejudice, pursuant to 28 U.S.C. § 1915A (b)(1), for failure to state a claim. To the extent that Plaintiff has moved for a preliminary injunction (ECF No. 1-1 & 7), it is also

**RECOMMENDED** that this Motion be **DENIED**.

## STANDARD OF REVIEW

When conducting preliminary screening pursuant to 28 U.S.C. § 1915A(a), the district court must accept all factual allegations in the complaint as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings, like the one in this case, are also "held to a less stringent standard than pleadings drafted by attorneys" and will be "liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). A *pro se* prisoner's pleading is, nonetheless, subject to dismissal prior to service if the court finds that the complaint, when viewed liberally and in the light most favorable to the plaintiff, fails to state a claim upon which relief may be granted. See 28 U.S.C. §1915A(b)(1).

A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). To state a cognizable claim, the allegations in the complaint must also do more than "merely create[] a suspicion [of] a legally cognizable right of action." Id. at 555. "Threadbare recitals of the elements of cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 663, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Therefore, to survive a §1915A preliminary review, a prisoner's complaint must "raise the right to relief above the speculative level" by alleging facts which create "a reasonable expectation" that discovery will reveal the evidence necessary to prove a claim. Twombly, 550 U.S. at 555-556.

## ANALYSIS OF CLAIMS

In the present Complaint, Plaintiff claims that Defendant Officer Danials assaulted him without cause or provocation in violation of his constitutional rights. The Complaint alleges that

Officer Danials, upon learning that Plaintiff had filed new grievances against him, became hostile and threatening and then "slammed" Plaintiff against the wall, injuring his nose. Defendant Tony Morris was apparently also in the dorm when this occurred.

When construed liberally and in his favor, Plaintiff's allegations are sufficient to allow his §1983 claims against Officer Danials to go forward. It is thus **ORDERED** that service be made on Officer Danials and that he file an answer or such other response as may be appropriate. Defendant is reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

Plaintiff's allegations against Unit Manager Tony Morris, however, do not state a cognizable claim under §1983. Plaintiff's only allegation against Morris is that he was conducting the dorm inspection "with" Officer Danials when the alleged constitutional violation occurred. Plaintiff does not allege any facts showing that Defendant Morris had an opportunity to intervene and prevent the alleged violation (i.e., enough time to observe what was happening and intervene to stop it), but failed to do so – so as to state an Eighth Amendment claim. See Byrd v. Clark, 783 F.2d 1002, 1007 (11th Cir.1986) ("If a police officer, whether supervisory or not, fails or refuses to intervene when a constitutional violation such as an unprovoked beating takes place in his presence, the officer is directly liable under Section 1983.").

A prisoner also may not state a claim based upon a theory of respondent superior or vicarious liability under § 1983. Miller v. King, 384 F.3d 1248, 1261 (11th Cir. 2004). To state a claim against a supervisory official, a prisoner must allege facts showing either that the supervisor personally participated in the alleged constitutional violation or that there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation. H.C. by Hewett v. Jarrard, 786 F.2d 1080, 1086-87 (11th Cir. 1986). Plaintiff has not made such

allegation or connection here.

It is thus **RECOMMENDED** that Plaintiff's claims against Defendant Tony Morris be **DISMISSED** without prejudice, pursuant to 28 U.S.C. § 1915A (b)(1), for failure to state a claim. Plaintiff may serve and file written objections to the undersigned's recommendations with the district judge to whom this case is assigned within fourteen (14) days after being served a copy of this Order.  See 28 U.S.C. § 636(b)(1).

To the extent that Plaintiff has moved for preliminary injunctive relief (ECF No. 1-1 & 7), it is **RECOMMENDED** that this Motion be **DENIED**.  The district court may not issue an injunction unless certain specific criteria are met.  Among other things, the movant must show that there is a substantial likelihood of success on the merits of his claim and that an irreparable injury will be suffered unless the injunction issues.  McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998).  Plaintiff's motion  falls short of meeting the prerequisites for the issuance of a preliminary injunction.  At this stage in the litigation, Plaintiff has not shown a "substantial likelihood of success on the merits." Id.   Inasmuch, Plaintiff has yet to identify any objective evidence that the actions about which he complains violated his constitutional rights. Plaintiff likewise fails to sufficiently describe how he will suffer an "irreparable injury . . . unless the injunction issues." Id.

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address.  Failure to promptly advise the Clerk of any change of address may result in the dismissal of pleadings filed herein.

## DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.   Defendants are advised that they are expected to diligently defend all allegations made

against them and to file timely dispositive motions as hereinafter directed.  This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

### FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court.  A party need not serve the opposing party by mail if the opposing party is represented by counsel.  In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court.  If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

### DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of Defendants from whom discovery is sought by Plaintiff.  Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed.  Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE.  Plaintiff's deposition may be taken at any time during the time period hereinafter set out, provided that prior arrangements are made with his custodian.  Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37. See Fed. R. Civ. P. 37.

**IT IS HEREBY ORDERED** that discovery (including depositions and interrogatories)

shall be completed within 90 days of the date of filing of an answer or dispositive motion by Defendants (whichever comes first) unless an extension is otherwise granted by the Court upon a showing of good cause therefor or a protective order is sought by Defendants and granted by the Court.  This 90-day period shall run separately as to each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first).   The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court.   No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party. The undersigned incorporates herein those parts of the Local Rules imposing the following limitations on discovery: except with written permission of the Court first obtained, INTERROGATORIES may not exceed TWENTY-FIVE (25) to each party, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and REQUESTS FOR ADMISSIONS under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party.   No party is required to respond to any request which exceed these limitations.

**REQUESTS FOR DISMISSAL AND/OR JUDGMENT**

Dismissal of this action or requests for judgment will not be considered in the absence of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities.   Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the Court.

**DIRECTIONS TO CUSTODIAN OF PLAINTIFF**

The Warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county

wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full.  In accordance with provisions of the Prison Litigation Reform Act, Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.  **IT IS ORDERED AND DIRECTED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

### PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the Prison Litigation Reform Act, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments.  In addition, Plaintiff's Complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

**SO ORDERED**, this 1st day of August, 2013.

s/*THOMAS Q. LANGSTAFF*
UNITED STATES MAGISTRATE JUDGE

jlr