IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| HARRY LEE BOGGS, JR., | : |
| Plaintiff, | : |
| VS. | :   7:13-CV-95 (HL) |
| OFFICER DANIALS, | : |
| Defendant. | : |

**RECOMMENDATION**

Plaintiff, who is proceeding *pro se,* brought the above-styled action pursuant to 42 U.S.C. § 1983 on July 5, 2013. (Doc. 1).   Presently pending in this action is Plaintiff's Motion for Default Judgment, and Defendant's Motion to Dismiss.   (Docs. 16, 18).

**Background**

Plaintiff alleges that, while housed at Valdosta State Prison, Defendant Officer Daniels[1] assaulted Plaintiff without cause in violation of Plaintiff's Eighth Amendment rights.   (Doc. 1). Plaintiff maintains that, after he filed a grievance against Defendant Daniels, Defendant Daniels threatened Plaintiff and slammed Plaintiff against the wall, injuring Plaintiff's nose.

*Default Judgment (Doc. 16)*

On October 8, 2013, Plaintiff filed a Motion requesting the Court enter default judgment against Defendant.   "When a party against whom a judgment for affirmative relief is sought has

---

[1] Plaintiff initially named Officer "Danials" as the Defendant in this action.  (Doc. 1).   Defendant's attorney filed pleadings on behalf of Officer "Daniels".   (*See* Doc. 18).   As both parties appear to be referring to the same Defendant, the Court will assume the correct Defendant is Defendant Daniels.

failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

The entry of default or default judgment is not appropriate in this case. A waiver of service form was mailed to Defendant on August 20, 2013. (Doc. 11). Defendant returned the executed waiver of service form (Doc. 23), and thus, had sixty (60) days from the date the waiver of service form was mailed, or until October 19, 2013, to file an answer to Plaintiff's Complaint. Fed. R. Civ. P. 4(d)(3).

Pursuant to Federal Rule of Civil Procedure 6(a)(1)(C), because October 19, 2013 fell on a Saturday, Defendant had until October 21, 2013 to file a response to Plaintiff's Complaint. Defendant timely filed his response on October 21, 2013 and, therefore, did not fail to plead or defend this action. *See* Fed. R. Civ. P. 12(a)(4) and 12(b); (Doc. 18). Accordingly, it is the recommendation of the undersigned that Plaintiff's Motion for Default Judgment be **DENIED.**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendation contained herein with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

*Motion to Dismiss (Doc. 18)*

On August 1, 2013, Plaintiff was granted leave to proceed *in forma pauperis* (hereinafter "IFP"). (Doc. 8). Defendant filed a Motion to Dismiss on October 21, 2013, claiming, among other things, that Plaintiff's Complaint should be dismissed because Plaintiff had incurred "three strikes" under the Prison Litigation Reform Act (hereinafter "PLRA"). (Doc. 18).

A prisoner may be ineligible to proceed IFP if he has filed three or more previous actions or

2

appeals that were dismissed based on the grounds of frivolousness, maliciousness, or failure to state a claim upon which relief can be granted.  28 U.S.C. § 1915(g).  The Eleventh Circuit has determined that dismissals without prejudice for failure to exhaust administrative remedies and for abuse of judicial process are also properly counted as strikes.  *See Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998); *Allen v. Clark*, 266 Fed. Appx. 815, 817 (11th Cir. 2008); *Sallen v. Valdosta State Prison*, 2008 WL 345614 (M.D. Ga., Feb. 6, 2008).  However, a prisoner may proceed IFP, regardless of the number of strikes, if he is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

Defendant asserts that Plaintiff incurred three strikes prior to the filing of this action, and therefore cannot proceed IFP.  (Doc. 18).  Defendant maintains that the following cases are strikes under section 1915(g): *Boggs v. Davis*, Civil Action No. 5:13-CV-127 (M.D. Ga.) (dismissed for failure to state a claim); *Boggs v. Hooks*, Civil Action No. 6:13-CV-61 (S.D. Ga.) (dismissed for failure to respond to court order); and *Boggs v. Unnamed Defendant*, Civil Action No. 1:13-CV-755 (N.D. Ga.) (dismissed for failure to comply with a court order).  (Docs. 18-1 – 18-3).  A review of court records on PACER Docket Report reveals that Plaintiff has filed the following additional lawsuits that could constitute strikes: *Boggs v. York County Prison*, Civil Action No. 3:12-CV-1586 (M.D. Pa.) (dismissed with prejudice for failure to prosecute and comply with a court order); *Boggs v. Bennett*, Civil Action No. 3:12-CV-1657 (M.D. Pa.) (dismissed with prejudice for failure to prosecute and comply with a court order).  In Plaintiff's Response to the Motion to Dismiss, he does not address Defendant's assertion that Plaintiff has incurred three strikes.  (Doc. 24).

In evaluating whether Plaintiff has three strikes, the Court may properly take judicial notice

3

of pleadings and orders in a previous case when the orders are public records and are "not subject to reasonable dispute because they [are] capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned."  *Horne v. Potter*, 392 Fed. Appx. 800, 802 (11th Cir. 2010); Fed. R. Evid. 201(b); *see also U.S. v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994).  The pleadings and orders in Plaintiff's cases are public court records that are not subject to dispute.  Therefore, the Court takes judicial notice of the orders resulting in the dismissals of lawsuits filed by Plaintiff.

In *Boggs v. Davis*, Plaintiff's complaint was dismissed for failure to state a claim on April 24, 2013.  Civil Action 5:13-CV-127 (M.D. Ga.).  As *Boggs v. Davis* was dismissed for failure to state a claim prior to Plaintiff initiating the current lawsuit, it constitutes a strike.  *See* 28 U.S.C. § 1915(g).

In September of 2012, both *Boggs v. York County Prison* and *Boggs v. Bennett* were dismissed due to Plaintiff's failure to prosecute the case and comply with a court order.  Civil Action 3:12-CV-1586 (M.D. Pa.); Civil Action 3:12-CV-1657 (M.D. Pa.).  *Boggs v. Unnamed Defendant* was dismissed for Plaintiff's failure to comply with a lawful court order on May 31, 2013.  Civil Action 1:13-CV-755 (N.D. Ga.).  A dismissal for failure to prosecute and/or failure to comply with a court order is a "strike" under the PLRA.  *See Allen*, 266 Fed. Appx. at 817; *Hargrove v. Johnson*, 2012 WL 3987585, *2 (M.D. Ga., Aug. 15, 2012) (counting as strikes dismissals where the plaintiff initiated the lawsuits but failed to respond to the initial requirements, essentially abandoning the cases after filing); *Breland v. Owens*, 2010 WL 170461, 1 n. 1 (S.D. Ga. Jan 13, 2010) ("failure to obey a court order, much like a failure to prosecute an action[,] . . . is precisely the type of abuse the 'three strikes' bar was created to remedy").  Accordingly,

*Boggs v. York County Prison*, *Boggs v. Bennett*, and *Boggs v. Unnamed Defendant* constitute strikes under the PLRA.

Defendant also asserts that *Boggs v. Hooks* is a "strike". (Doc. 18); Civil Action No. 6:13-CV-61 (S.D. Ga.). *Boggs v. Hooks* was dismissed for failure to respond to a court order on July 25, 2013. (Doc. 18-2). While this case constitutes a strike under the PLRA, the case was not dismissed until after Plaintiff initiated this action. Thus, *Boggs v. Hooks* does not count as a "strike" for the purposes of this lawsuit, but does for any lawsuit filed after July 25, 2013[2].

The evidence shows that Plaintiff had incurred four "strikes" prior to the initiation of this lawsuit (*Boggs v. Davis*, Civil Action No. 5:13-CV-127 (M.D. Ga.); *Boggs v. Unnamed Defendant*, Civil Action No. 1:13-CV-755 (N.D. Ga.); *Boggs v. York County Prison*, Civil Action No. 3:12-CV-1586 (M.D. Pa.); *Boggs v. Bennett*, Civil Action No. 3:12-CV-1657 (M.D. Pa.)). Plaintiff has therefore reached his "three strikes" limit.

Plaintiff may overcome his strikes and proceed with this action if Plaintiff was "under imminent danger of serious physical injury" at the time this action was filed. 28 U.S.C. § 1915(g); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999). "[A] prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as a basis for the complaint." *Jackson v. Brown*, 2010 WL 55316, *2 (S.D. Ga., Jan. 6, 2010). "[A] prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception to the statute." *Medberry*, 185 F.3d at 1193. There must be specific allegations that

---

[2] Since the initiation of this lawsuit Plaintiff has incurred two additional strikes not discussed above: *Boggs v. Hooks*, Civil Action No. 6:13-CV-55 (S.D. Ga.) (dismissed July 25, 2013 for failure to comply with a court order), and *Boggs v. Owens*, Civil Action No. 1:13-CV-2851 (N.D. Ga.) (dismissed October 27, 2013 for failure to state a claim).

a prisoner is facing a current and on-going threat of imminent danger of serious physical harm. *See Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004).

Plaintiff does not assert that he is currently under imminent danger; rather, Plaintiff alleges that Defendant assaulted him on one occasion on June 19, 2013. (Doc. 1). At most, Plaintiff appears to allege a vague, conclusory statement that he fears for his life because he could be assaulted again. For purposes of the imminent danger analysis, it is insufficient for a plaintiff to allege that something could happen in the future. *See e.g. Brown*, 387 F.3d at 1350; *Skillern v. Mental Health Personal*, 2011 WL 1628022, *2 (S.D. Ga., April 14, 2011) (plaintiff did not sufficiently allege imminent danger when he stated that he is afraid of being hurt in the future). Plaintiff has not alleged in his Complaint or Amended Complaint that, at the time he filed this lawsuit, he was facing imminent danger of a serious physical injury.

On December 4, 2013, Plaintiff filed a document wherein he alleges that Defendant Daniels has assaulted him on two occasions in November of 2013 in an attempt to make Plaintiff drop this lawsuit. (Doc. 26). "A plaintiff may not amend his complaint by simply making additional or more explanatory allegations in subsequent filings. Additional allegations of injuries complained of in any other documents cannot therefore form a basis for satisfying the exception to the Three Strikes Rule." *Miller v. Meadows*, 2005 WL 1983838, *5 (M.D. Ga., Aug. 11, 2005); *see Davis v. Thomas County Sheriff's Dept.*, 2006 WL 2567883, *2 (M.D. Ga., Sept. 5, 2006) (a court should not review "additional allegations of injuries or danger complained of in subsequent filings"). Thus, any allegations contained in Plaintiff's responses to Defendant's Motion to Dismiss (Docs. 24, 26) do not overcome the three strikes provision.

As Plaintiff has reached his three strikes limitation and does not qualify under the imminent

danger exception, Plaintiff cannot proceed with this action IFP. After a prisoner has filed his third meritless suit, he may still proceed with his claim, but must pay the full filing fee at the initiation of the suit. *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001). This action should be **DISMISSED** without prejudice so that the Plaintiff can re-file, paying filing fees at the outset of the lawsuit. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). Accordingly, it is the recommendation of the undersigned that Defendant's Motion to Dismiss be **GRANTED**[3].

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations contained herein with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this 13th day of December, 2013.

s/ ***THOMAS Q. LANGSTAFF***
UNITED STATES MAGISTRATE JUDGE

llf

---

[3] Even if Plaintiff had not incurred three strikes prior to filing this lawsuit, his Complaint would be subject to dismissal. Question 4 of the Court's complaint form completed by Plaintiff asked if Plaintiff had ever submitted a lawsuit for filing in any federal or state court dealing with the same facts involved in this lawsuit or otherwise related to his imprisonment. (Doc. 1, p. 2). Plaintiff answered "no", although Plaintiff had filed at least fifteen prior lawsuits at the time he initiated this action. As Plaintiff has provided false information to the Court, his Complaint is subject to dismissal for "abuse of the judicial process". *See Redmon v. Lake County Sheriff's Office*, 414 Fed. Appx. 221, 226 (11th Cir. 2011) (prisoner's failure to disclose previous lawsuits constituted abuse of the judicial process warranting a sanction of dismissal of his *pro se* § 1983 action); *Shelton v. Rohrs*, 406 Fed. Appx. 340, 340-341 (11th Cir. 2010) (affirming the dismissal of suit without prejudice pursuant to 1915(e)(2)(B)(i) based on plaintiff's failure to disclose prior litigation); *Young v. Sec'y. Florida for Dep't. of Corrections*, 380 Fed. Appx. 939 (11th Cir. 2010) (affirming dismissal of civil rights case pursuant to 1915(e)(2)(B)(i) based on plaintiff's failure to disclose prior litigation); *Hood v. Tompkins*, 197 Fed. Appx. 818, 819 (11th Cir. 2006) (dismissal as a sanction for providing false information on a complaint form concerning prior filing history was not an abuse of discretion).