# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

**HARRY LEE BOGGS, JR.,**

    Plaintiff,

v.

**OFFICER DANIALS**,

    Defendant.

Civil Action No. 7:13-CV-95 (HL)

## ORDER

This case is before the Court on a Recommendation from United States Magistrate Judge Thomas Q. Langstaff (Doc. 27). Judge Langstaff recommends that Plaintiff's Motion for Default Judgment (Doc. 21) be denied but that Defendant's Motion to Dismiss be granted. Plaintiff Harry Boggs ("Plaintiff") has filed *pro se* objections (Doc. 28) to the Recommendation.[1] After making a *de novo* review of the Recommendation, the Court accepts and adopts it. The Court grants Defendant's Motion to Dismiss and denies Plaintiff's Motion for Default Judgment.

---

[1] Although Plaintiff did not file his objections within fourteen calendar days of the Recommendation, in accordance with the "mailbox rule" for prisoners, this Court will consider his objections. See Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988); Garvey v. Vaughn, 993 F.2d 776, 782 (11th Cir. 1993).

The magistrate judge's conclusion that Defendant's Motion to Dismiss was a timely response to the complaint is correct. Plaintiff's Motion for Default Judgment must be denied.

Defendant's Motion to Dismiss must be granted because Plaintiff had incurred three "strikes" under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915, prior to filing this lawsuit. Under the Eleventh Circuit's interpretation of the PLRA, the dismissals of Plaintiff's claims in the following cases were "strikes": Boggs v. Unnamed Defendant, Civil Action No. 1:13-CV-755 (N.D.Ga.) (dismissal on May 31, 2013 under a local rule for failure to comply with a court order to file a complaint with the proper forms and either pay the filing fee or apply for *in forma pauperis* status on penalty of having his case dismissed); Boggs v. Davis, Civil Action No. 5:13-CV-127 (M.D.Ga.) (dismissal on April 23, 2013 for failure to state a claim); and Boggs v. Bennett, Civil Action No. 3:12-CV-1657 (M.D.Pa.) (dismissal on Sept. 6, 2012 for failure to prosecute after Plaintiff failed to amend his complaint after the court's review under 28 U.S.C. § 1915 had determined that the initial complaint had failed to state a claim). *See* Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998); Allen v. Clark, 266 F. App'x 815, 816-17 (11th Cir. 2008).

Plaintiff's objections to the Recommendation have no merit. He does not even address the magistrate judge's conclusion that Defendant's Motion to

Dismiss was a timely response to the complaint. He furthermore provides nothing more than a token response to the magistrate judge's determination that the complaint should be dismissed without prejudice because Plaintiff has previously incurred "three strikes" under the PLRA. In his objections, Plaintiff seeks to escape the three strikes penalty and gain *in forma pauperis* ("IFP") status by asserting that he is under imminent danger of serious physical injury. However, he alleges no facts, much less provides any supporting evidence, to indicate how he was under imminent threat of physical injury when he filed the complaint. There being no evidence Plaintiff is in imminent danger of serious physical injury, he is not entitled to IFP status.

Plaintiff's Motion for Default Judgment is denied, and Defendant's Motion to Dismiss is granted.[2] Plaintiff's complaint is dismissed without prejudice, and he may re-file his lawsuit after paying the full filing fee.

**SO ORDERED**, this the 15th day of January, 2014.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

scr

---

[2] The Recommendation also correctly determined that Plaintiff's complaint is subject to dismissal for abuse of the judicial process after Plaintiff supplied false information to the Court. On the complaint form, Plaintiff denied having filed any previous lawsuits relating to his imprisonment even though he has filed at least four such lawsuits in addition to this one since September 2012. The only reason the Court does not now dismiss the complaint on these grounds is because a show cause order has not yet been entered specifically directing Plaintiff to address this issue.